UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Michael Woodward, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>First National Collection Bureau, Inc. and LVNV Funding, LLC,<br><br>    Defendants. | Case No. 16-cv-03293-SEB-MPB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, LVNV Funding, LLC ("LVNV") and First National Collection Bureau, Inc. ("FNCB"), by and through their attorneys David M. Schultz, Nabil G. Foster and Lindsey A.L. Conley of Hinshaw & Culbertson, LLP, respectfully request this Court dismiss Plaintiff Michael Woodward's ("Plaintiff" or "Woodward") Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, state as follows:

**INTRODUCTION**

Plaintiff attempts to state a claim based upon Defendants' failure to provide him with information regarding legal issues concerning his debt. In essence, Plaintiff's claim is based upon a twisted and idiosyncratic interpretation of the exact language district courts and the Federal Trade Commission ("FTC") have deemed to be sufficient to advise consumers about the collection of time-barred debts in an attempt to manufacture an FDCPA claim.[1] In addition, Plaintiff asks that Defendants provide legal advice, though neither Defendant is a licensed attorney. Unfortunately for Plaintiff, the law is well-settled that a non-attorney may not give legal advice or otherwise engage in

---

[1] *See United States v Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012).

the unauthorized practice of law. Plaintiff cannot compel Defendants to take action that is not required by law or statute and, in fact, is expressly proscribed. Thus, Plaintiff's Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS

Plaintiff filed his lawsuit against Defendants and alleges various violations under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. Plaintiff incurred an outstanding financial obligation for an ITT Educational Services, Inc. student debt. (Cmplt., ¶ 9). Defendant LVNV subsequently acquired Plaintiff's debt, and the debt was then placed with FNCB for collection. (Cmplt., ¶ 9). On July 29, 2016, Defendant FNCB sent Plaintiff correspondence in an effort to collect the delinquent account. (Cmplt., ¶ 9). That letter stated in relevant part: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency." (Cmplt., Exhibit C thereto).

Plaintiff avers that the letter is misleading, deceptive and an unconscionable means to collect a debt because it fails to inform him that the debt is time-barred. (Cmplt., ¶ 18, 24). Plaintiff further argues that the letter is misleading, deceptive and an unconscionable means to collect a debt because it does not inform Plaintiff that neither LVNV nor FNCB could sue on the debt. (Cmplt., ¶ 18, 24). In light of the foregoing, Plaintiff alleges that the letter violates §§ 1692 e, e(2)(A), e(5) and f (Cmplt., ¶¶ 20, 26), which preclude (i) a false representation regarding the character, amount, or legal status of any debt; (ii) threatening to take any action that cannot be legally taken and (iii) the use of any unfair or unconscionable means to collect a debt.

## ARGUMENT

Plaintiff's Complaint should be dismissed because the allegations, even assuming them to be true, fail to state a valid claim. F.R.C.P 12(b)(6) provides for dismissal of a complaint when it fails to

2

state a claim upon which relief can be granted. A plaintiff is obligated to provide more than conclusions, and a formulaic recitation of the elements of a cause of action to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Bissesur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). In determining "plausibility," the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950. ("[F]or the purposes of a motion to dismiss…we are not bound to accept as true a legal conclusion couched as a factual allegation").

### A. Plaintiff's claim hinges on an idiosyncratic and bizarre interpretation of the letter.

The Seventh Circuit instructs that, "[W]e disregard unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). Plaintiff's bizarre theory evolves from the Seventh Circuit's holding in *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). In *McMahon*, the issue was whether a dunning letter for a time-barred debt which uses the term "settle" or "settlement" without a disclosure that the debt was time-barred would mislead the reasonable unsophisticated consumer into believing that he or she could be sued. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014). The Seventh Circuit remanded the case because it found that "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable." *Id.* at 1020. Here, Plaintiff's claim is that the disclosure that the debtor would

3

not be sued by the owner of the debt was somehow "deficient." (Cmplt., ¶ 18, 24). Plaintiff's entire claim is a contorted, peculiar and idiosyncratic reading of the very language that the Federal Trade Commission deemed to be sufficient to advise consumers about the collection of time-barred debts, *i.e.*, that debtors will not be sued over debts for which the statute of limitations has expired.

Counsel for consumers in this district often cite to the consent decree between the FTC and Asset Acceptance, *United States v. Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012), to support their claims. Ironically, that same consent decree undermines the Plaintiff's claim in this case. In that consent decree, the FTC and the federal district court that accepted the consent decree deemed the following language sufficient and to satisfy all disclosure requirements under the FDCPA for time-barred debt collection:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.

The letter in this case clearly tells the Plaintiff that:

> The law limits how long you can be sued on a debt. Because of the age of your debt LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

There is no material difference between the model language drafted by the FTC and the language in the letter in this case.

Plaintiff wishes to fabricate a distinction to manufacture a claim under the FDCPA. Plaintiff claims that the letter is deceptive because it does not explicitly say that both Defendants cannot sue on this debt because Indiana law has a statute of limitations, which provides an affirmative defense against claims to collect the debt in Indiana state court. (Cmplt., ¶ 18).

Plaintiff wishes to fabricate a distinction to manufacture a claim under the FDCPA. Plaintiff claims that the letter is deceptive because it does not explicitly say that the Defendants cannot sue as a matter of law. Cmplt., ¶ 18. Plaintiff essentially claims the FDCPA was violated because the

4

Plaintiff was not given explicit legal advice about the application of the Illinois statute of limitations as an affirmative defense to his debt. The FDCPA contains no requirement or directive of providing legal opinions or legal advice to debtors about potential affirmative defenses under State law. Plaintiff is attempting to misuse the FDCPA to transform debt collectors, including licensed attorneys who seek the collection of debts owed to clients, into legal advisors for the debtors. Plaintiff wants the FDCPA to force collectors to provide legal opinions about the affirmative defenses available to a debtor, like the statute of limitations. There is no such requirement in the FDCPA. This Court should refrain from misreading the FDCPA to create any such obligation because it is not the law and it would create a conflict of interest for any debt collection lawyer in Indiana under Indiana Rule of Professional Conduct 1.7, comment 6, Identifying Conflicts of Interest: Directly Adverse. *See* http://www.in.gov/judiciary/rules/prof_conduct/#_Toc461714662

Plaintiff is deliberately misreading the letter, because the letter clearly states: The law limits how long you can be sued on a debt, and that because of the age of Plaintiff's debt, LVNV will not sue or credit report on the debt. The plain meaning and reading of the letter shows that it is not deceptive and it does not misrepresent anything. The language clearly states the owner[2] of his debt—the only party with authority to sue on it—will not sue him to collect that debt. The language was deemed sufficient by the Fair Trade Commission to satisfy all the restrictions imposed by the FDCPA on communications with consumers.

In an attempt to manufacture another claim based on the letter, Plaintiff additionally argues that Defendants violated the FDCPA by failing to advise that FNCB also could not sue or credit report on the debt. But only the owner of Plaintiff's debt has authority to take those actions. One acting on the owner's behalf cannot do what the owner has proscribed. It, therefore, follows that if

---

[2] The letter begins with "This is to advise you that your delinquent account has been assigned to our office for collection by the above mentioned current creditor." Compl. Ex. C.

LVNV will not sue or credit report on the debt, which is clearly stated in the letter, the debt collector acting on behalf of LVNV (here, FNCB) will not and cannot sue or credit report on the debt.  An additional disclosure that FNCB is prohibited from taking those actions would be unnecessary and redundant.

Plaintiff's claim relies upon a hyper-technical misinterpretation of the letter.  Plaintiff attacks the letter because although it uses the approved language from the FTC, it does not explicitly describe whether or not the statute of limitations has expired, which is *a legal opinion*.  There are no requirements under the FDCPA for making any such statements of legal opinion or for advising debtors about how any one particular set of state's laws would apply to the particular facts and circumstances of any particular debtor.  Plaintiff seeks to transform debt collectors into legal advisors for each debtor in all 50 states under the FDCPA.  That was not the intent of Congress and this Court should not read language into a statute that is not there.

Moreover, there is no authority for Plaintiff's claim that the FDCPA requires a debt collector to provide a legal opinion to any particular debtor about when the statute of limitations has expired on a particular debt.   Plaintiff is impermissibly seeking to rewrite the FDCPA.  With the exception of Section 1692g, the FDCPA has no other disclosure requirements.  The letter in this case complies with §1692g by advising Plaintiff of the 30-day validation period and that the Plaintiff may request the name and address of the original creditor.  Despite Plaintiff's unrealistic, peculiar, bizarre and idiosyncratic interpretation of the letter, the plain truth is that the letter complies with the law.

> **B. Plaintiff's claim hinges on Defendants engaging in the unauthorized practice of law.**

Plaintiff's claim must fail because he essentially asks Defendants to give legal advice and thus engage in the unauthorized practice of law.  Specifically, Plaintiff argues that the subject letter is deceptive because it fails to explicitly state that the debt is time-barred and that Defendants could

6

not legally sue or credit report the debt. (Cmplt., ¶¶ 10, 18, 24). Plaintiff claims that Defendants have an obligation to provide legal advice about statutes of limitation. The Indiana Supreme Court has defined the practice of law as the giving of legal advice to a client or placing oneself in a very sensitive relationship where the confidence of the client and the management of his affairs are left in the hands of the advisor. *State ex rel. Indiana State Bar Ass'n v. Diaz*, 838 N.E.2d 433, 444 (Ind. 2005)(…" it is clear the core element of practicing law is the giving of legal advice…"); *State ex rel. Indiana State Bar Ass'n v. Northouse*, 848 N.E.2d 668, 672 (Ind. 2006)("… it has been held that persons engage in the practice of law when they advise others regarding the legal consequences of specific decisions…"). Determining whether the particular debt of this Plaintiff is actually outside the statute of limitations falls squarely into the definition of the practice of law because it requires an analysis of the specific facts of Plaintiff's debt under specific portions of Indiana state law before such a legal opinion could be made.

Indeed, it is well-settled that a non-attorney may not give legal advice or otherwise engage in the unauthorized practice of law. In fact, courts have found FDCPA violations where non-attorney debt collectors have engaged in such practices. *Poirier v. Alco Collections, Inc.,* 107 F.3d 347, 350–51 (5th Cir.1997) (finding FDCPA violation where debt collector violated state law on unauthorized practice of law); *see also Todd v. Franklin Collection Service, Inc.*, 694 F.3d 849, 851 (C.A.7 (Ill.), 2012) (finding that the district court correctly ruled that the assignment was void as against public policy because Todd was using it to attempt to engage in the unauthorized practice of law. Illinois public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license).

Here, Plaintiff's claims fall squarely within this prohibited conduct. Plaintiff's claims hinge on Defendants' failure to provide legal advice to the debtor (*i.e.*, to inform him that under Indiana law, this particular debt is in fact time-barred). Neither the law nor the FDCPA requires such

7

disclosures on collection correspondences. Rather, the law precludes Defendants from acting in such a legal capacity. Thus, Plaintiff's Complaint must be dismissed in its entirety.

WHEREFORE, Defendants, LVNV Funding LLC and First National Collection Bureau, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice and grant such other and further relief in their favor as the Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By: /s/ *Nabil G. Foster*
David M. Schultz ARDC 6197596
Nabil G. Foster ARDC 6273877
Lindsey A.L. Conley ARDC 6317860
Attorneys for Defendants LVNV Funding LLC
and First National Collection Bureau, Inc.
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Phone No.: 312-704-3000
Fax No.: 312-704-3001
E-mail Address: nfoster@hinshawlaw.com

**CERTIFICATE OF SERVICE**

   I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on December 29, 2016.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | David J. Philipps |
| ___ | Federal Express | Mary E. Philipps |
| ___ | E-Mail | Angie K. Robertson |
| ___ | Messenger | Philipps & Philipps, Ltd. |

                    9760 S. Roberts Road
                    Suite One
                    Palos Hills, IL 60465
                    Phone: (708) 974-2900
                    Fax: (708) 974-2907
                    davephilipps@aol.com
                    mephilipps@aol.com
                    angiekrobertson@aol.com

                    John T. Steinkamp
                    5218 S. East Street
                    Suite E1
                    Indianapolis, IN 46227
                    Phone: (317) 780-8300
                    Fax: (317) 217-1320
                    steinkamplaw@yahoo.com

| | |
|---|---|
| David M. Schultz | */s Nabil G. Foster* |
| Nabil G. Foster | Nabil G. Foster |
| Lindsey A.L. Conley | One of the Attorneys for Defendants |
| HINSHAW & CULBERTSON LLP | |
| 222 North LaSalle Street, Suite 300 | |
| Chicago, IL 60601-1081 | |
| Telephone: 312-704-3000 | |
| Facsimile: 312-704-3001 | |
| dschultz@hinshawlaw.com | |
| nfoster@hinshawlaw.com | |
| lconley@hinshawlaw.com | |

131579769v1 0993799

                                  131583730v1 0993799